**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4213

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES MONTEZE HARMER,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Catherine C. Blake, District Judge.  (CR-03-216-CCB)

Submitted:  May 8, 2006                    Decided:  May 23, 2006

Before WILKINS, Chief Judge, and WILKINSON and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael Wein, Greenbelt, Maryland, for Appellant.   Rod J. Rosenstein, United States Attorney, Angela R. White, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Defendant Charles Monteze Harmer challenges his conviction and sentence for drug-related offenses. Finding his arguments without merit, we affirm the judgment of the district court.

I.

On November 6, 2002, after obtaining warrants, Maryland police searched two homes that defendant Charles Monteze Harmer allegedly utilized to facilitate drug trafficking. At one of the residences, police found several baggies of powder and crack cocaine hidden in a jar buried in the backyard. Harmer was present at the other home, and he gave several incriminating statements to police.

The state of Maryland charged Harmer with several drug-related offenses. He moved to suppress the statements that he made to police while they conducted their search, claiming that the statements were involuntary. The state court granted this motion, and the state subsequently dismissed its charges against Harmer.

On May 1, 2003, the federal government indicted Harmer on drug offenses arising out of the same conduct. He again moved to suppress his incriminating statements on the same grounds given in state court. The district court held that most of Harmer's statements were voluntary and admissible. On October 15, 2004, a jury convicted Harmer of possession with intent to distribute at least five grams but less than fifty grams of crack cocaine, and of

possession with intent to distribute at least twenty-five grams and less than fifty grams of powder cocaine, both in violation of 21 U.S.C. § 841(a)(1) (2000). The district court sentenced Harmer to 262 months in prison for possession with intent to distribute crack cocaine and 240 months in prison for possession with intent to distribute powder cocaine. The sentences ran concurrently. Harmer appeals.

II.

Harmer initially argues that double jeopardy barred his federal prosecution, because the state had already dismissed similar charges. We disagree. Applying the dual sovereignty doctrine, the Supreme Court has repeatedly held that successive federal and state prosecutions for the same criminal acts do not violate double jeopardy. See, e.g., Heath v. Alabama, 474 U.S. 82, 88-89 (1985); see also United States v. Alvarado, 440 F.3d 191, 196 (4th Cir. 2006) (citing cases). Double jeopardy thus did not preclude Harmer's federal prosecution.

Harmer is also mistaken to the extent he suggests that a collateral estoppel component of double jeopardy prohibited the federal government from presenting his incriminating statements at trial after a state court had suppressed their use in a state prosecution. "[C]ollateral estoppel does not apply here because the federal government was not a party in the state court action."

3

United States v. Safari, 849 F.2d 891, 893 (4th Cir. 1988); see United States v. Ricks, 882 F.2d 885, 889-90 (4th Cir. 1989). The district court could determine anew that Harmer's statements were voluntary and thus admissible.[*]

Harmer next contends that the district court erred when it failed to give the jury an instruction defining reasonable doubt. Harmer's argument is without merit, because we have repeatedly disapproved of attempts by trial courts to provide the jury with a definition of reasonable doubt. See, e.g., United States v. Quinn, 359 F.3d 666, 676 (4th Cir. 2004).

Harmer lastly challenges the sufficiency of the evidence. In so doing, he "must overcome a heavy burden." United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995). We consider "the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the Government," and must affirm a conviction if "the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 863 (4th Cir. 1996) (en banc)

---

[*]Additionally, Harmer asserts that the federal government -- by sentencing him under the United States Sentencing Guidelines and not under the state's more lenient procedures -- improperly retaliated against him for raising a successful constitutional challenge in state court. But there is no evidence that his federal sentence was imposed to punish him for his exercise of constitutional rights, as opposed to his participation in criminal activities. We also note that the district court's sentence within the Guideline range was reasonable. See United States v. Johnson, No. 05-4378, slip op. at 3-4 (4th Cir. Apr. 7, 2006).

4

(internal quotation marks omitted).  We are satisfied that a rational jury could reasonably convict Harmer of both counts based on the evidence presented.

## III.

For the foregoing reasons, we affirm Harmer's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>